UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

------------------------------------------------------------

JASON M. FARR,

                      Plaintiff,

v.                                                     Case No. 25-cv-385-pp

MILWAUKEE COUNTY JAIL, *et al.*,

                      Defendants.

------------------------------------------------------------

**ORDER ADOPTING JUDGE DRIES'S REPORT AND RECOMMENDATION (DKT. NO. 9) AND DISMISSING CASE**

------------------------------------------------------------

      Plaintiff Jason M. Farr filed this lawsuit, alleging violations of his constitutional rights. Dkt. No. 1. On May 12, 2025, Magistrate Judge Stephen C. Dries issued a report recommending that this district court dismiss the case without prejudice for the plaintiff's failure to diligently litigate it. Dkt. No. 9. The court has not received from the plaintiff an objection to the order, despite the fact that the deadline for him to file an objection passed at the end of May. This order adopts Judge Dries's recommendation and dismisses the case.

**I.    Legal Standard**

      A district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. §636(b)(1); Federal Rule of Civil Procedure 72(b)(3). When a party does not object to the recommendation, the district judge may reconsider the magistrate judge's ruling "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. §636(b)(1)(A).

1

## II. Discussion

The plaintiff was incarcerated at the Milwaukee County Jail when he filed the complaint. Dkt. No. 1 at 1. On March 14, 2025, the clerk's office sent the plaintiff a letter advising him that it was enclosing a magistrate judge consent form and that he needed to return it to the court within twenty-one days. Dkt. No. 3. It also advised the plaintiff that he needed to submit his certified trust account statement in twenty-one days. Id. The clerk's office mailed this letter to the plaintiff at the Milwaukee County Jail. It was not returned to the court as undeliverable. On March 27, 2025, the clerk's office received from the plaintiff his trust account statement, dkt. no. 4, but *not* the completed magistrate judge consent form. That same day, the court received from the plaintiff a cover letter, saying he was sending his trust account statement and five exhibits. Dkt. No. 5. The return address on this letter was the Milwaukee County Jail. Id.

On March 28, 2025, Judge Dries issued an order requiring that by April 28, 2025, the plaintiff must pay an initial partial filing fee of $15.33. Dkt. No. 6. Judge Dries warned the plaintiff that his failure to pay the initial partial filing fee could result in dismissal of the case and reminded him that failure to keep the court updated with his correct address could result in dismissal of the case for failure to prosecute. Id. at 3-4. Judge Dries mailed this order to the plaintiff at the Milwaukee County Jail; it was not returned to the court as undeliverable.

By April 14, 2025, the court had not received the plaintiff's signed magistrate judge consent form, so the clerk's office sent him a second letter directing him to sign and return an enclosed form by April 28, 2025. Dkt. No. 7. The clerk's office mailed that letter to the plaintiff at the Milwaukee County Jail. On April 24, 2025, the letter was returned to the court as undeliverable. Dkt. No. 8. The envelope includes the notation, "Return to Sender, Attempted – Not Known, Unable to Forward." Id. at 1.

A month later, on May 12, 2025, Judge Dries issued a report recommending that this district court dismiss the case without prejudice for the plaintiff's failure to diligently litigate it. Dkt. No. 9. Judge Dries's order states that based on the return envelope described in the preceding paragraph and the Milwaukee County Jail's In Custody Locator, he'd determined that the plaintiff no longer was incarcerated at the Milwaukee County Jail. Id. at 2. It also states that Wisconsin online court records showed two different addresses for the plaintiff, but that the plaintiff has not provided the court either address. Id. Judge Dries concludes that the plaintiff has failed to diligently litigate this case because he has not kept the court updated with his current address, he has failed to pay the initial partial filing fee and he has failed to return a signed magistrate judge consent form. Id. Judge Dries recommends that this court dismiss the case under Civil Local Rule 41(c) (E.D. Wis.) ("Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action . . . the Court may enter an order of dismissal with or without prejudice.").

3

Case 2:25-cv-00385-PP     Filed 06/17/25     Page 3 of 4     Document 11

Even though Judge Dries concluded that the plaintiff no longer was incarcerated at the Milwaukee County Jail, he nonetheless mailed the May 12, 2025 order to the plaintiff at that address. He explained in his order that he knew the plaintiff was not at the jail, but that the court "has no other address for him." Id. at 2. This court reviewed the Wisconsin Department of Corrections inmate locator website and the plaintiff no longer is on supervision. Appsdoc.wi.gov/lop/details/detail (for "Farr, Jason M.," #00330309).

The court has not received from the plaintiff an objection to Judge Dries's order recommending that the case be dismissed without prejudice for his failure to diligently litigate it. The court concedes that the plaintiff likely did not receive Judge Dries's recommendation, but like Judge Dries, this court has no other address for the plaintiff and so has no way to ensure that Judge Dries's order or this order will get to him. The court has reviewed Judge Dries's order and finds that no part of the order is erroneous or contrary to law. The court will adopt Judge Dries's recommendation and dismiss this case.

### III. Conclusion

The court **ADOPTS** Magistrate Judge Dries's recommendation and **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE**. Dkt. No. 9. The court will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 17th day of June, 2025.

BY THE COURT:

_____
HON. PAMELA PEPPER
**Chief United States District Judge**